IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| VINCENT SHARARD, | : | CIVIL ACTION NO. **1:CV-12-2393** |
|---|---|---|
| Plaintiff | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| BERKS COUNTY, *et al.*, | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I.     BACKGROUND.**

On November 30, 2012, Plaintiff Vincent Sharard, an inmate currently confined at Green Rock Correctional Center, Chatham, Virginia, and formerly confined at SCI-Smithfield, Huntingdon, Pennsylvania, filed, *pro se,* this instant civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff raises both constitutional claims as well as Pennsylvania state law claims. Plaintiff attached a Certificate of Merit under Pa.R.Civ.P. 1042.3(a) to his Complaint stating that expert testimony is not required regarding his legal malpractice claim against Defendant Osmer S. Deming, Esq., his defense counsel in his Berks County, Pennsylvania, criminal case. Plaintiff also filed a Motion for Leave to Proceed *in formai pauperis* on October 4, 2012. (Doc. 2). Additionally, Plaintiff filed a 6-sentence Motion for Appointment of Counsel. (Doc. 4).

**II.    STANDARDS OF REVIEW.**

   **A.    PLRA**

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant

to 28 U.S.C. § 1915. (Doc. 2). The Prison Litigation Reform Act of 1995,[1] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

### B. 42 U.S.C. § 1983

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002). *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009)(citations

---

[1]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state the time, place, and responsible persons involved. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

## C. MOTION TO DISMISS

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips* [*v. Co. of Allegheny*]*,* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

**III.   ALLEGATIONS OF COMPLAINT.**

In his Complaint, Plaintiff names the following Defendants: (1) Berks County, PA; (2) Judge Jeffrey K. Sprehcer, Court of Common Pleas Berks County, PA; (3) Stephen A. Weber, Court Administrator for the Court of Common Pleas Berks County, PA; (4) James P. Troutman, Clerk of Courts for the Court of Common Pleas Berks County, PA; (5) Osmer S. Deming, Esq., Plaintiff 's defense counsel in his Berks County, PA, criminal case; (6) Michael Dautrich, Esq., of Dautrich & Dautirch Law Office, Reading, Berks County, PA; (7) John E. Wetzel, Secretary of the PA Department of Corrections ("DOC"); (8) Jon Fisher, Superintendent of SCI-Smithfield, Huntingdon, PA; (9) Ms. Grandlund, SCI-Smithfield Acting Records Supervisor; and (10) Kim Gardner, SCI-Smithfield Records Clerk.   Plaintiff also includes as Defendants in the caption of his Complaint John Doe 1-5 and Jane Doe 1-5, but he does not include these unnamed Defendants in the section of his Complaint entitled "Defendants."  Nor does Plaintiff state any personal involvement of his Doe Defendants in the body of his Complaint.    Thus, it is not clear who Plaintiff 's Doe Defendants are, where the Doe Defendants are located  and what these unnamed Defendants allegedly did to violate Plaintiff 's constitutional rights.

5

Plaintiff states that he sues all Defendants in both their official and individual capacities.

We refer to the following six (6) Defendants as the "Berks County Defendants:" (1) Berks County, PA; (2) Judge Jeffrey K. Sprehcer, Court of Common Pleas Berks County, PA; (3) Stephen A. Weber, Court Administrator for the Court of Common Pleas Berks County, PA; (4) James P. Troutman, Clerk of Courts for the Court of Common Pleas Berks County, PA; (5) Osmer S. Deming, Esq., Plaintiff 's defense counsel in his Berks County, PA, criminal case; and (6) Michael Dautrich, Esq.

We refer to the following four (4) Defendants as the "DOC Defendants:"  (1) John E. Wetzel, Secretary of the PA Department of Corrections ("DOC"); (2) Jon Fisher, Superintendent of SCI-Smithfield, Huntingdon, PA; (3) Ms. Grandlund, SCI-Smithfield Acting Records Supervisor; and (4) Kim Gardner, SCI-Smithfield Records Clerk.

As stated, it is not clear who the Doe Defendants are and where they are located. In any event, we do not find any constitutional claim is stated by Plaintiff against his Doe Defendants.

Plaintiff challenges his continuous incarceration in both Pennsylvania and Virginia state prisons as unlawful and he contends that his constitutional rights to "Apply for Parole" and for "Bail" regarding his November 6, 2006 criminal conviction and sentence in the Berks County Court of Common Pleas on his alleged remaining crime of possessing a prohibited firearm.   Plaintiff states that his other convictions were vacated by the Berks County Court of Common Pleas and that he is entitled to either parole or release on bail

with respect to his remaining conviction and sentence. Plaintiff indicates that he is currently serving his prison sentence, which he alleges is 5 to 10 years, imposed by the Berks County Court of Common Pleas and that in April 2010, he was selected to serve his sentence in a Virginia state prison due to overcrowding in the Pennsylvania state prisons. In particular, Plaintiff alleges that the Berks County Defendants are all involved in denying him parole or bail with respect to his stated sentence on his sole remaining conviction, and that these Defendants are thus responsible for his continuous unlawful incarceration.

With respect to the four DOC Defendants, Plaintiff states that in April 2012, he was transferred back from a Virginia state prison to a Pennsylvania state prison seemingly at SCI-Smithfield. It appears that recently, after November 28, 2012, Plaintiff was transferred from SCI-Smithfield back to Virginia and his current place of confinement at Green Rock Correctional Center, Chatham, Virginia. Plaintiff avers that while he was at SCI-Smithfield, seemingly from April 2012 through November 2012, an unnamed counselor advised him that according to the DOC records department, he was still serving his original November 6, 2006 sentence of 8 to 25 years imposed by the Berks County Court of Common Pleas even though Plaintiff alleges part of that sentence was vacated in January 2009, leaving him only with his remaining sentence of 5 to 10 years. Plaintiff states that he asked the Berks County Clerk of Court to send the DOC information to show that his sentence of 8 to 25 years was overturned, and that he was told that the DOC had to make the request for information. Plaintiff then asked the DOC to make the request and to investigate whether his sentence of 8 to 25 years was no longer valid.

7

In response, Plaintiff avers that Defendant Gardner advised him that no investigation was needed since the documents in his DOC file showed that he still had a PCRA Petition, collateral appeal, pending in the Berks County Court of Common Pleas and that his sentence of 8 to 25 years was not vacated.

Plaintiff then avers that he filed a grievance with SCI-Smithfield regarding his sentence calculation and that Defendant Granlund responded to it by denying it and telling Plaintiff that she would not spend time contacting the Berks County Court of Common Pleas for information showing that his 8 to 25 years sentence was overturned since there was no indication in his file that it was overturned.

Plaintiff concludes his allegations by stating due to the conduct of all Defendants, he is continuously serving an unlawful sentence of 8 to 25 years despite the fact that this sentence was overturned by the Berks County Court of Common Pleas in January 2009. Plaintiff also claims that Defendants are violating his constitutional rights to apply for parole and for bail regarding his only remaining sentence which he states has "a minimum date of 09-06-2010 and a maximum date of 09-06-2015."

Plaintiff raises claims under the Eighth Amendment and the Fourteenth Amendment against the ten named Defendants regarding his contentions that he is being unlawfully detained in prison on the vacated sentence of 8 to 25 years, and that he is being denied parole and bail on his only remaining conviction of one crime and sentence of 5 to 10 years. He also asserts state law claims for legal malpractice against his two Berks County criminal defense counsel, Defendants Deming and Dautrich.

As relief, Plaintiff requests an injunction for this Court to correct his Berks County Court of Common Pleas sentence so that he can apply for parole and bail on his remaining conviction and sentence of 5 to 10 years. Plaintiff also seeks nominal, compensatory and punitive damages.

To the extent that Plaintiff is seeking money damages against state actor Defendants in their official capacities, we will recommend that the Court dismiss with prejudice such claims for damages as Plaintiff can only sue the state actor Defendants for damages in their individual or personal capacities. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Mitchell v. Luckenbill*, 680 F.Supp. 2d 672, 681 (M.D. Pa. 2010); *Gale v. Stori*, 608 F.Supp. 2d 629, 636 (E.D. Pa. 2009); *see also Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625 (1983). Based on well-settled law, we find that it is futile to allow Plaintiff to amend his damages claims against the state actors Defendants in their official capacities. *See Mitchell v. Luckenbill*, 680 F.Supp. 2d at 681. We do not find that Plaintiff's two defense counsel Defendants, Deming and Dautrich, are state actors. With respect to the state action requirement, it is well-settled that the conduct of an attorney, representing a client in a criminal case, does not by itself rise to the level of state action entitling a prisoner to bring a federal civil rights actions against his own prior counsel. *See West v. Atkins*, 487 U.S. 42, 50 (1988); *Polk County v. Dodson*, 454 U.S. 312 (1981); *Pete v. Metcalfe*, 8 F.3d 214 (5th Cir. 1993).

## IV. DISCUSSION.

### A. BERKS COUNTY DEFENDANTS

Initially, we will recommend that the Court transfer Plaintiff's Complaint against the six (6) Berks County Defendants to the Eastern District of Pennsylvania because the Berks County is located in the Eastern District of Pennsylvania, not in the Middle District of Pennsylvania, the Berks County Defendants are all located in the Eastern District of Pennsylvania and, all of Plaintiff's constitutional claims against the Berks County Defendants arose in the Eastern District of Pennsylvania. Specifically, Plaintiff states that the Berks County Defendants are all located in Reading, Pennsylvania, which is in the Eastern District of Pennsylvania. Title 28 U.S.C. §1391(b) provides that:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Therefore, we find that venue under 28 U.S.C. §1391(b) regarding Plaintiff's claims against the Berks County Defendants is not proper in the Middle District of Pennsylvania, and that venue is proper in the Eastern District of Pennsylvania. *See Simon v. Ward*, 80 F.Supp.2d 464, 468 (E.D. Pa. 2000).

Additionally, we find that Plaintiff's Complaint as against the Berks County Defendants should be transferred to the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §1404(a), since the Eastern District is the more convenient forum, with respect to all

10

of Plaintiff's constitutional claims against the Berks County Defendants. *See Simon v. Ward,* 80 F.Supp.2d 470-71.

A court may transfer any civil action for the convenience of the parties or witnesses, or in the interests of justice, to any district where the action might have been brought. 28 U.S.C. §1404(a).

The *Simon* Court, quoting *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879-880 (3d Cir. 1995), stated that the Third Circuit Court considers the following factors in deciding whether to transfer a case to another district:

> [1] the plaintiff's forum preference ... ; [2] the defendant's preference;
> [3] whether the claim arose elsewhere; [4] the convenience of the parties ... ;
> [5] the convenience of the witnesses, but only to the extent that
> the witnesses may actually be unavailable for trial in one of the fora;
> [6] the location of books and records (similarly limited to the extent
> that the files could not be produced in the alternative forum);
> [7] the enforceability of the judgment; [8] practical considerations that
> could make the trial easy, expeditious, or inexpensive; [9] the
> relative administrative difficulty in the two fora resulting from court
> congestion; [10] the local interest in deciding local controversies at home;
> [11] the public policies of the fora; and [12] the familiarity of the trial judge
> with the applicable state law in diversity cases.

*Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879-880 (3d Cir. 1995).

We find that, based on the above analysis of the relevant factors as they pertain to the instant case, they all weigh in favor of transferring all of Plaintiff's claims against the Berks County Defendants, which arose in the Eastern District of Pennsylvania and which relate to his Berks County Court conviction and sentence, to the Eastern District of Pennsylvania.

All of Plaintiff's claims challenging his Berks County Court conviction and sentence and claims with respect to his lawful sentence are within the jurisdiction of the Eastern District of Pennsylvania. Furthermore, none of the named Berks County Defendants are located in the Middle District of Pennsylvania. None of these Defendants are alleged to have any contacts with the Middle District of Pennsylvania. Further, all of the records concerning Plaintiff's claims challenging his Berks County Court conviction and sentence are located in the Eastern District of Pennsylvania along with any potential witnesses. Thus, none of the Berks County Defendants, none of the witnesses and none of the records regarding Plaintiff's claims challenging his Berks County Court conviction and sentence are located in the Middle District of Pennsylvania. Therefore, for the convenience of the parties and in the interest of justice, we will respectfully recommend that this case as against the Berks County Defendants be transferred to the Eastern District of Pennsylvania, the proper forum. *See Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 878 (3d Cir. 1995); *Lafferty v. St. Riel*, 495 F. 3d 72 (3d Cir. 2007).

B.     **DOC DEFENDANTS**

The four named DOC Defendants are John E. Wetzel, Secretary of the DOC, Jon Fisher, Superintendent of SCI-Smithfield, Ms. Grandlund, SCI-Smithfield Acting Records Supervisor, and Kim Gardner, SCI-Smithfield Records Clerk. All four of these Defendants are employees of the DOC. Initially, Plaintiff only states the personal involvement of DOC Defendants Gardner and Granlund in his Complaint. It is clear that Plaintiff has named the two DOC supervisory Defendants, Wetzel and Fisher, only based on *respondeat superior*.

It is well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *See Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id.; Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Additionally, it is well-established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra.; Ashcroft v. Iqbal*, –U.S.–, 129 S. Ct. 1937 (2009).

In light of the aforementioned personal involvement standards of a 42 U.S.C. § 1983 action, it is evident that Plaintiff's Complaint fails to allege the specific personal involvement of Defendants Wetzel and Fisher. Also, more importantly, Plaintiff 's Complaint as against Defendants Wetzel and Fisher fails to allege that Plaintiff was deprived of any rights secured by the Constitution by these Defendants. Defendants Wetzel and Fisher cannot be held responsible for the alleged unconstitutional conduct of the Berks County Defendants.

Plaintiff has failed to allege personal involvement of the Defendants Wetzel and Fisher and he has named these two supervisory DOC officials only based on *respondeat superior*. As such, we will recommend that Defendants Wetzel and Fisher be dismissed with prejudice. *See Santiago v. Warminster Tp.*, 629 F.3d 121 (3d Cir. 2010); *Rogers v. U.S.*, 696

F.Supp.2d 472, 488 (W.D. Pa. 2010). In light of our foregoing discussion, we find that it would be futile to allow Plaintiff to amend his Complaint with regards to Defendants Wetzel and Fisher. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

We also find that Plaintiff has not stated a cognizable constitutional claim as against Defendants Gardner and Granlund in his Complaint. The only alleged involvement of Defendant Granlund is that she failed to adequately investigate and denied Plaintiff 's grievance alleging that his only remaining Berks County Court sentence was the 5 to 10 year sentence regarding his remaining conviction on the possession of the prohibited firearm offense.

It is well-established that inmates do not have a constitutionally-protected right to a prison grievance system. *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 137-38, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977); *see also Flick v. Alba,* 932 F.2d 728, 729 (8th Cir.1991)(ruling that federal grievance regulations providing administrative remedy procedure do not create liberty interest in access to that procedure). It is further well-settled that a prison official's handling of prison grievance procedures does not equate to personal liability in a civil rights claim. *Burnside v. Moser*, 138 Fed. Appx. 414 (3d Cir. 2005) (Even "[i]f the state elects to provide a grievance mechanism, violations of its procedures do not ... give rise to a [constitutional] claim.")(citations omitted); *see also Mitchell v. Dodrill*, 696 F.Supp.2d 454, 469 (M.D. Pa. 2010). Thus, even if the prison officials allegedly failed to process the prisoner's grievances, no constitutional claim exists.

14

The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a Complaint is subject to dismissal for failure to state a claim, the Court must first allow Plaintiff leave to amend. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). Further, "[d]ismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Id.*(citations omitted). We find that because Defendant Granlund is only named in Plaintiff's Complaint in relation to her response to Plaintiff 's grievance, it would be futile to grant Plaintiff leave to amend his Complaint with respect to this Defendant. Thus, we will recommend that Defendant Granlund be dismissed with prejudice.

As stated, Plaintiff alleges that he asked the DOC to make a request to the Berks County Court and to investigate whether his sentence of 8 to 25 years was no longer valid. Plaintiff contends that only his sentence of 5 to 10 years remained on his possession of a prohibited firearm conviction since he had prevailed on his PCRA Petition in January 2009, with respect to his other Berks County Court convictions. In response, Plaintiff avers that Defendant Gardner advised him that no investigation was needed since the documents in his DOC file showed that he still had a PCRA Petition, collateral appeal, pending in the Berks County Court of Common Pleas and that his sentence of 8 to 25 years was not vacated. Also, as stated, Plaintiff claims that Defendants are violating his constitutional rights to apply for parole and for bail regarding his only remaining sentence which has "a

minimum date of 09-06-2010 and a maximum date of 09-06-2015." Thus, Plaintiff does not allege that he is being imprisoned beyond the maximum date of his only remaining sentence. Rather, Plaintiff avers that he is entitled to parole or bail regarding his only remaining sentence of 5 to 10 years.

Plaintiff does not have a constitutionally protected interest to being paroled in Pennsylvania. *See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979). The Pennsylvania Probation and Parole Act, 61 Pa. Stat. 331.1, *et seq.*, does not afford state inmates, such as our Plaintiff, a constitutionally protected liberty interest in being granted parole before his maximum sentence expires. *See Krantz v. Pennsylvania Bd. of Probation & Parole*, 86 Pa. Cmmw. 38, 41, 483 A.2d 1044, 1047 (1984); *McFadden v. Lehman*, 968 F.Supp. 1001, 1004 (M.D. Pa. 1997).

As discussed, Plaintiff is not claiming that he is being incarcerated beyond the maximum term of his 5 to 10 year sentence which he alleges is his only remaining sentence which he admits expires in September 2015. Thus, Plaintiff does not state a constitutional claim as against Defendant Gardner. *See Sample v. Diecks*, 885 F.2d 1099, 1108 (3d Cir. 1989)(Court held that "the Eighth Amendment protects an inmate from being incarcerated beyond the term of his sentence."). The failure of the DOC and the DOC Defendants to allow Plaintiff to be released on parole before the expiration of his alleged only remaining Berks County Court sentence of 5 to 10 years simply does not state a viable constitutional claim.

Based on our discussion, we find that it would be futile to grant Plaintiff leave to amend his Complaint with respect to Defendant Gardner and we will recommend that Defendant Gardner be dismissed with prejudice. *See Grayson v. Mayview State Hospital*, 293 F.3d at 111; *Alston v. Parker*, 363 F.3d at 235-236.

Finally, since we find that Plaintiff has not stated any cognizable constitutional claim against the DOC Defendants and that these Defendants should be dismissed with prejudice, we will recommend that the Court deny Plaintiff's Motion for Appointment of Counsel (Doc. 4) with respect to the DOC Defendants.

V. **RECOMMENDATION.**

Based on the aforementioned discussion, we respectfully recommend that the Court:

1. **TRANSFER** Plaintiff's Complaint **(Doc. 1)** against the six (6) Berks County Defendants to the U.S. District Court fo the Eastern District of Pennsylvania;

2. **DISMISS WITH PREJUDICE** Plaintiff's claims against the four (4) DOC Defendants;

3. **DISMISS WITH PREJUDICE** Plaintiff's requests for money damages against the state actor Defendants in their official capacities;

4. **DENY** Plaintiff's Motion for Appointment of Counsel **(Doc. 4)** with respect to the DOC Defendants; and

5.  **CLOSE** Plaintiff's case in the Middle District Court of Pennsylvania.

          **s/ Thomas M. Blewitt**
          **THOMAS M. BLEWITT**
          **United States Magistrate Judge**

**Dated: December 6, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VINCENT SHARARD, | : | CIVIL ACTION NO. **1:CV-12-2393** |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| BERKS COUNTY, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 6 , 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.

 s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 6, 2012**